UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**

AUG 2 9 2012

CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| PLANNED PARENTHOOD MINNESOTA, NORTH DAKOTA, SOUTH DAKOTA, and CAROL E. BALL, M.D., | * * * * * | CIV. 11-4071-KES |
| Plaintiffs, | * * | |
| vs. | * * | |
| DENNIS DAUGAARD, Governor, MARTY JACKLEY, Attorney General; DONEEN HOLLINGSWORTH, Secretary of Health, Department of Health, and ROBERT FERRELL, President, Board of Medical and Osteopathic Examiners, in their official capacities, | * * * * * * * * | ORDER RE: DISCOVERY Docs. 54 & 85 |
| Defendants. | * * | |
| ALPHA CENTER and BLACK HILLS PREGNANCY CENTER d/b/a Care Net Pregnancy Resource Center, | * * * * | |
| Intervenors. | * * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is that part of Judge Schreier's Order allowing intervention which directed all parties to confer with the magistrate judge to establish guidelines for participation by the intervenors.[1] The

---

[1]Doc. 54, p. 21.

parties have conferred with each other and have reached agreement about discovery on all but two issues.[2] Those two issues are addressed in this decision.

## BACKGROUND

Plaintiffs assert "a constitutional challenge under 42 U.S.C. § 1983 to South Dakota H.B. 1217, 2011 Leg. Reg. Sess. (S.D. 2011), to be codified in South Dakota Codified Laws Chapter 34-23A."[3] Plaintiffs allege, among other matters, "the Act seeks to restrict women's access to abortion services in South Dakota."[4] Defendants are state government officials and the President of the Board of Medical and Osteopathic Examiners.[5] Intervenors "are two of the three pregnancy help centers who have registered with the State to obtain referrals under the Act."[6]

Judge Schreier granted the motion to intervene filed by the two pregnancy help centers.[7] In granting the motion to intervene, Judge Schreier

> finds that reasonable restrictions on applicants' involvement in this action are warranted. The restrictions will address both the scope of applicants' involvement, as well as the form in which applicants are to participate. First, applicants' interests are only invoked when there is a challenge to the pregnancy help center mandate. The State can adequately represent applicants' interest in any other area that does not relate to the pregnancy help center mandate. Applicants' participation in this action is, therefore, restricted to challenges to Sections 3, 5, and 6 of the Act.[8]

---

[2]Doc. 85.

[3]Doc. 25, ¶ 1.

[4]*Id.*

[5]Doc. 25 and captions of pleadings generally.

[6]Doc. 54, p. 4.

[7]Doc. 54, p. 21.

[8]Doc. 54, p. 19.

2

Judge Schreier ordered "that the parties will schedule a discovery conference with the magistrate judge to establish guidelines for applicants' participation."[9]

The parties conferred and filed their "Joint Partial Proposal ... For Intervenors' Participation In Discovery."[10] This document describes the process for discovery upon which there was agreement and identifies the two issues about which there was not agreement. There was not agreement about (1) the number of fact witness depositions; and (2) the subject matter of discovery in which intervenors may participate.[11]

## DISCUSSION

Number Of Fact Witness Depositions.

The Scheduling Order provides "[t]here will be a maximum of five depositions for each party," not counting expert depositions.[12] Plaintiffs argue that the State and intervenors are allowed five fact witness depositions collectively, not five each.[13] To support their argument plaintiffs note the intervention order prevents intervenors "from initiating unilateral, independent discovery and must obtain permission from the magistrate judge or the district court before engaging in independent discovery."[14] The next sentence of Judge Schreier's Order, however, provides: "Prior

---

[9]Doc. 54, p. 21.

[10]Doc. 85.

[11]Doc. 85, pp. 4-5.

[12]Doc. 70, ¶ 6; Doc. 94, ¶ 2.

[13]Doc. 87, p. 5.

[14]Doc. 54, p. 20.

3

to the commencement of discovery, the parties will participate in a conference with the magistrate judge to establish more precise boundaries of applicants' participation."[15] The State and intervenors argue the Scheduling Order says what it means and means what it says----that each party may take five fact witness depositions.[16] Plaintiffs collectively are a party. Defendants collectively are a party. Intervenors collectively are a party. The Scheduling Order provides that "each party" may take five depositions.

The parties have implicitly agreed in their submissions what is NOT meant by "each party" in the Scheduling Order, i.e. that each of the ten individual parties is entitled to five fact depositions--- in other words the Scheduling Order does not mean that the four plaintiffs may take a total of twenty depositions or that the four State defendants may take a total of 20 depositions or that the two intervenors may take a total of ten depositions. It means that plaintiffs collectively are one party for purposes of the Scheduling Order and plaintiffs may take five fact witness depositions. It means that defendants collectively are a party and may take five fact witness depositions. The Order granting intervention made the two intervenors collectively a party and the Scheduling Order means collectively the intervenors may take five fact witness depositions.

Commonly in litigation there are multiple parties named as plaintiffs and defendants or third party defendants. There are interests which often overlap. There is no Federal Rule Of Civil Procedure about discovery which provides that each side can take only the same number of

---

[15]*Id.*

[16]Doc. 88, p. 10 (intervenors should be able to notice their own depositions) and Doc. 89, p. 5; Doc. 90, pp. 1-3.

depositions as the other side.  Equality in numbers[17] can happen during a trial when it comes to peremptory challenges of jurors, but not necessarily during discovery when it comes to taking depositions.  There is hardly a trial lawyer who hasn't sat in a conference room and agonized while ten lawyers representing ten different parties beat up on her lonely client ten different ways about the same issue.  That's the principle here.  This case will be decided upon the merits, not by counting which side takes more fact witness depositions.  Each party is entitled to try to establish the facts each needs to prevail by taking discovery depositions from five fact witnesses.  There may be some overlap.  There may not be.  It makes no difference for purposes of this decision.

Subjects Of Discovery.

Judge Schreier's intervention order states

applicants' interests are only invoked when there is a challenge to the ***pregnancy help center mandate.*** . . .   Applicants' participation in this action is, ***therefore, restricted to challenges to Sections 3, 5, and 6 of the Act.***[18]

Both the State and the intervenors argue the 72 hour delay is related to the pregnancy health center mandate.[19]   Plaintiffs argue intervenors may not take discovery on the 72 hour requirement notwithstanding Judge Schreier's mention of Sections 3, 5, and 6 because "the Court has heard, and rejected, all of this before" and

---

[17]Equality in numbers, it can be reasonably argued, is exactly what the Scheduling Order provides, i.e. five fact witness depositions for each party.  Plaintiffs argue, however, that the State and the intervenors are on the same side, so their side has ten fact depositions compared to plaintiffs' five.

[18]Doc. 54, p. 19. (italics and bold added).

[19]Doc. 89; Doc. 90, pp. 4-5. (bold and italics added).

the fact that the Court referenced Sections 3, 5, and 6 of the Act was simply because the Pregnancy Help Center Requirements are found in these Sections. In no way can that referencing be read to obliterate the subject matter restrictions the Court expressly established in the same discussion. Conceptually, Intervenors' position is therefore conclusively *foreclosed by the Intervention Order*. Intervenors are not allowed to question witnesses, offer expert testimony, or take written discovery as to the 72-Hour Requirement.[20]

Plaintiffs overstate what Judge Schreier's Order states. Judge Schreier herself repeated that intervenors could only participate "when there was a challenge to the *pregnancy help center mandate* or to *sections 3, 5, and 6* of the challenged statute."[21] In fact, Judge Schreier states just the opposite of foreclosing intervenors from participating with regard to the 72 hour requirement. Judge Schreier's Orders both on intervention and on the motion to reconsider specifically permit intervenors to participate when there is a challenge to section 3. And, of course, it is in section 3 where reference to the 72 hour delay appears in the Act.

Whether the 72 hour requirement is relevant to the pregnancy help center mandate is a hotly contested issue which Judge Schreier could perhaps address in the future. Intervenors argue the 72 hour delay goes to the heart of their case.[22] Plaintiffs argue Judge Schreier has already heard and rejected all of this before. The State agrees with the intervenors.[23] So does the undersigned.

First, it is noted the 72 hour delay provision is included within Section 3 of the Act.[24] Judge

---

[20]Doc. 87, pp. 3-4.

[21]Doc. 69, p.3.

[22]Doc. 88, p.3.

[23]Doc. 90, p. 4.

[24]Doc. 25-1, p. 2.

Section 3 provides in part: ". . . . Only after the physician completes the consultation and

Schreier's intervention order specifically allowed intervenors to conduct discovery regarding Section 3.[25]

Next, efficiency of litigation and the demands of justice compel the conclusion that intervenors be allowed to discover facts relating to the 72 hour delay. That a theory of recovery or defense might later be rejected by the court is not a reason to prevent that party from discovering facts to support the theory during the discovery process. That sort of thing happens every day in litigation. Judge Schreier might accept intervenors' argument that the 72 hour delay is interwoven with the pregnancy center mandate, or she might reject the argument. Because intervenors need to develop the facts during discovery to support their theory they must be allowed to do so. It does not appear from Judge Schreier's intervention order that she has already heard and rejected this argument. It appears from Judge Schreier's intervention order that intervenors were restricted to discovery about the pregnancy help center mandate, and to sections 3, 5, and 6 of the Act, but it does not appear that she has yet addressed intervenors' argument that the 72 hour delay is central to the requirement for counseling with a pregnancy help center. At the very most, there is disagreement among the parties about this hotly contested issue. Within the restriction Judge Schreier imposed on the intervenors' participation, this decision attempts to carry forward what Judge Scheier described in her Order Denying Defendants' Motion To Amend Or Correct:

---

assessment complying with the provisions of this Act, may the physician schedule a surgical or medical abortion, but in no instance may the physician schedule such surgical or medical abortion to take place *in less than seventy-two hours* from the completion of such consultation and assessment except in a medical emergency as set forth in § 34-23A-10.1 and subdivision 34-23A-1(5). . . . (bold and italics added).

[25]Doc. 54, p. 19. ". . . . Applicants' participation in this action is, therefore, restricted to challenges to Sections 3, 5, and 6 of the Act."

Placing conditions upon intervention is an individualized assessment that the court must make based on that specific litigation and the parties involved, with the aim of moving the proceedings forward efficiently. See *Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 20 (D.D.C. 2010) ("***The inquiry is necessarily context-specific, and the conditions should be tailored to fit the needs of the particular litigation, the parties, and the district court***.") (citations omitted). These restrictions were the best option through which to include intervenors without bogging down the litigation. The terms of the restrictions were based on the previous litigation, the need for "efficient conduct of the proceedings," the prior relationship of the State and intervenors, and for housekeeping reasons.[26]

Final Observation.

As a final observation, it is noted that plaintiffs asserted

In depositions, should Intervenors inquire on a topic that Plaintiffs' believe is not reasonably calculated to lead to discovery of admissible evidence relating to the Pregnancy Help Center Requirements, Plaintiffs will object and ***Intervenors will have the opportunity to articulate why they believe the question is proper.***[27]

The parties are reminded that Federal Rule of Civil Procedure 30(c)(2) governs objections at depositions.

Based on the above discussion, it is hereby

ORDERED that:

1.    Plaintiffs collectively are allowed five fact witness depositions; that defendants collectively are allowed five fact witness depositions; and that intervenors collectively are allowed five fact witness depositions.

2.    Judge Schreier's intervention Order restricts the intervenors' participation to the pregnancy help center mandate and to Sections 3, 5, and 6 of the Act. Intervenors are not restricted further from engaging in any subject of discovery which is or claimed to be relevant to the pregnancy help center mandate or to Sections 3, 5, and 6 of the Act.  Intervenors are allowed to

---

[26]Doc. 69, p. 6. (italics and bold added).

[27]Doc. 87, p. 4. (italics and bold added).

discover facts about any subject addressed in sections 3, 5, and 6, specifically including the 72 hour delay issue.

Dated this __29__ day of August, 2012.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

9