UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| PLANNED PARENTHOOD MINNESOTA, NORTH DAKOTA, SOUTH DAKOTA, and CAROL E. BALL, M.D., | ) ) ) ) ) | CIV. 11-4071-KES |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | MEMORANDUM OPINION AND ORDER |
| DENNIS DAUGAARD, Governor, MARTY JACKLEY, Attorney General, DONEEN HOLLINGSWORTH, Secretary of Health, Department of Health, and ROBERT FERRELL, President, Board of Medical and Osteopathic Examiners, in their official capacities, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| ALPHA CENTER and BLACK HILLS CRISIS PREGNANCY CENTER, d/b/a Care Net Pregnancy Resource Center, | ) ) ) ) ) | |
| Intervenors. | ) | |

Plaintiffs, Planned Parenthood Minnesota, North Dakota, South Dakota, and Dr. Carol E. Ball, move for an award of attorneys' fees claiming that they have "prevailing party" status following success on a motion for a preliminary injunction and subsequent conduct by the South Dakota Legislature. Docket

95. Defendants, Governor Dennis Daugaard, Attorney General Marty Jackley, Secretary Doneen Hollingsworth, and Board President Robert Ferrell, in their official capacities, argue that such motion is improper and untimely or that attorneys' fees should be assessed at the end of the litigation. Docket 100.

Plaintiffs also object to portions of the magistrate judge's order on discovery as being clearly erroneous and argue that intervenors should not be entitled to depose five factual witnesses. Docket 97. Defendants and intervenors, Alpha Center and Black Hills Crisis Pregnancy Center, claim that the discovery order was correctly determined because it was within the bounds of the original order granting intervention and because intervenors are now a party to the action. Docket 99.

Finally, plaintiffs move to voluntarily dismiss counts 8 and 9 of the third amended complaint without prejudice because they allege that the underlying facts supporting these claims have materially changed. Docket 104. Defendants do not object to the dismissal, but reserve their arguments and objections on this issue. Docket 106. Intervenors argue that if the court grants plaintiffs' motion to dismiss it must be with prejudice. Docket 107.

## BACKGROUND

Plaintiffs brought this action in May of 2011 and raised a number of challenges under 42 U.S.C. § 1983 to South Dakota House Bill 1217, 2011 Leg. Reg. Sess. (S.D. 2011) (the Act), which outlines women's access to abortion

services under South Dakota law. Plaintiffs moved for a preliminary injunction on June 3, 2011, and asked this court to enjoin enforcement of the Act prior to its effective date of July 1, 2011. Docket 10. The court granted plaintiffs' motion for a preliminary injunction on June 30, 2011. Docket 39. In doing so, the court enjoined four specific provisions of the Act: (1) the pregnancy help center requirements; (2) the 72-hour requirement; (3) the risk factors requirement; and (4) the coercion provisions.

Intervenors, two entities that operate as pregnancy help centers in South Dakota, moved to intervene in the case on July 1, 2011. Docket 40. On December 27, 2011, the court granted intervenors' motion to intervene, but found that intervenors' participation in the case would be limited to the pregnancy help center mandate and that intervenors' interests could be represented by the state defendants in all other aspects. Docket 54 at 20. The court also directed the parties to participate in a discovery conference with the magistrate judge to establish more precise boundaries of intervenors' participation in discovery. *Id.*

On March 2, 2012, H.B. 1254, 2012 Leg. Reg. Sess (S.D. 2012) (the Amended Act), was signed into law and was to take effect on July 1, 2012. This Amended Act altered the language of the original Act as it pertained to the risk factors requirement and the coercion provisions and removed the language that was at issue in the preliminary injunction. Plaintiffs admit that the Amended

3

Act mooted their challenge to the risk factors and coercion provisions of the 2011 Act. Because of the changes to the statute, on June 26, 2012, plaintiffs, defendants, and intervenors filed a joint stipulation to dissolve in part and continue in part the preliminary injunction in this case. Docket 81. The court granted the motion. Docket 82.

On August 23, 2012, plaintiffs moved for attorneys' fees, claiming that they were a "prevailing party" on the issues that were mooted by the South Dakota Legislature's passing of the Amended Act. Docket 95. On August 29, 2012, the magistrate judge entered an order clarifying the intervenors' participation in discovery based on his analysis of the scheduling order, the motion granting intervention, and rights of all the parties. Docket 96. The magistrate judge concluded that intervenors could participate in discovery on the 72-hour requirement issue and that, like plaintiffs and defendants, intervenors would be entitled to take five factual depositions.

## DISCUSSION

I. **Voluntary Dismissal of Counts 8 and 9**

Plaintiffs assert that due to a change in staffing, the facts that they alleged in their amended complaint materially changed. Because of such change, plaintiffs argue that counts 8 and 9 should be dismissed without prejudice. Defendants do not object, but reserve any objections they could raise

4

if the claims are brought again at a later date. Intervenors argue that if the counts are dismissed they must be dismissed with prejudice.

The court will address first whether the motion should be considered as a voluntary dismissal under Federal Rule of Civil Procedure 41(a), or as a motion to amend under Federal Rule of Civil Procedure 15.[1] Federal Rule of Civil Procedure 41(a) states that parties may voluntarily dismiss "an action," but says nothing about individual claims within an action. *See* Fed. R. Civ. P. 41(a)(2) ("[A]n action may be dismissed at the plaintiff's request only by a court order[.]"). "But while often dubbed a rule 41(a) voluntary dismissal, the procedure [whereby a court grants plaintiff's motion to dismiss one count of a multi-count complaint] is more properly viewed as a Rule 15 amendment to the complaint." *Gronholz v. Sears, Roebuck & Co.*, 836 F.2d 515, 518 (Fed. Cir. 1987) (quotations and citations omitted); *see also Envtl. Dynamics, Inc. v. Robert Tyler & Assocs., Inc.*, 929 F. Supp. 1212, 1227-28 (N.D. Iowa. 1996) (citations omitted) ("[Plaintiff's] motions for partial summary judgment 'dismissing' some, but not all, of its claims . . . must be construed as having been brought not pursuant to Fed. R. Civ. P. 41(a)(2), but pursuant to Fed. R. Civ. P. 15."). The court finds that because the request for dismissal pertains only to a specific

---

[1] The Eighth Circuit Court of Appeals has characterized the difference between Rule 41(a)(2) and Rule 15(a) as "more technical than substantial." *Wilson v. Crouse-Hinds Co.*, 556 F.2d 870, 873 (8th Cir. 1977)

5

claim and not the entire action, it is more properly viewed as a motion to amend.

Second, the court will address whether the amendment should be allowed. After the time period for amending pleadings as a matter of course has passed, Rule 15 provides that "a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be granted unless "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (quotation and citation omitted). The burden of proving prejudice lies with the party opposing the motion. *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001).

In this case there is no evidence of undue delay on the part of plaintiffs. The case has progressed normally throughout the discovery process absent some minor disagreements by the parties that will be discussed below. Although this voluntary motion to dismiss was brought approximately seven months after plaintiffs filed their third amended complaint, the motion was brought well before the dispositive motions deadline, which is currently set for May 30, 2013. Docket 94 at 2.

There is no evidence that plaintiffs are moving to dismiss counts 8 and 9 because of bad faith. The 72-hour requirement imposed a waiting period of 72 hours from the time a woman engages in the required initial consultation with a physician until she may proceed with an abortion with the same physician who conducted her initial consultation. As alleged in the third amended complaint, plaintiffs claimed that such a wait imposed an undue burden on women's reproductive rights and violated their right to equal protection of the laws.

Plaintiffs explain that its factual circumstances have changed. At the time of filing, plaintiffs alleged that the waiting period would prove to be much longer than 72 hours because the physician who traveled from out of state to conduct abortion services could not come to Sioux Falls, South Dakota, regularly and could not see a woman for the second time soon or immediately after the 72-hour wait lapsed. The effect was that the wait period would be closer to a week or up to a month between visits. Plaintiffs state that it now employs a physician whose schedule allows the waiting period between initial consultation and providing of abortion services to be closer to the 72-hour waiting period mandated by the statute. Thus, the facts underlying the amended complaint are no longer true and the same degree of constitutional

violations are not present.[2] There is no appearance of bad faith, and this rationale also amounts to good cause for any delay in bringing the motion to dismiss or amend because the change in circumstances did not exist until recently.

Finally, the amendment would not be futile because it would result in the dismissal or removal of counts. For these reasons, and because the court should freely grant leave to amend, plaintiffs' motion to amend its complaint to dismiss counts 8 and 9 is granted under Federal Rule of Civil Procedure 15.[3]

Intervenors argue that if the court grants dismissal it must be with prejudice. The court finds, however, that there is no support for the conclusion

---

[2] Plaintiffs note that they still maintain that the 72-hour requirement imposes an undue burden on women's reproductive rights even if the staff can conduct dual visits close to the 72-hour wait period. Plaintiffs claim, however, that this issue is not compatible with the litigation schedule for litigating the pregnancy help center mandate and they wish to create the clearest factual record in front of this court in light of the prior litigation in the case of *Planned Parenthood Minn., N.D., S.D. v. Rounds*, 686 F.3d 889 (8th Cir. 2012) (en banc).

[3] Although the court analyzed this motion as being brought under Federal Rule of Civil Procedure 15, the court also finds that it would have reached the same result had it considered and weighed the factors under Federal Rule of Civil Procedure 41(a)(2). *See Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987) (considering the following factors: "(1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant[,]" (5) "emotional and psychological trauma associated with the experience of defending another lawsuit," (6) "the prejudice resulting from uncertainty over title to land," and (7) "the absence of a justification for the proposed dismissal.").

that dismissal should be with prejudice or that conditions should be imposed upon dismissal at this time, when the court is granting a motion to amend the complaint. Defendants and intervenors are free to raise the issues of res judicata, claim preclusion, prejudice, or payment of costs or attorney's fees due to duplication of efforts if and when those issues become relevant upon the filing of a new cause of action.

## II. Attorneys' Fees

Plaintiffs claim that they are entitled to attorneys' fees on the issue of the 2011 Act's version of the risk factors and coercion provisions because the court granted its motion for a preliminary injunction and then the South Dakota Legislature amended the portions of the Act that the court enjoined. Following the Eighth Circuit Court of Appeals' recent decision in *Rogers Group, Inc. v. City of Fayetteville, Arkansas*, 683 F.3d 903 (8th Cir. 2012), plaintiffs claim they are a "prevailing party" who is entitled to attorneys' fees at this stage of the litigation under 42 U.S.C. § 1988. Defendants argue that plaintiffs' motion fails because: (1) it was procedurally deficient as to timing; (2) plaintiffs did not include valuation information; and (3) fees should be assessed at the end of the litigation as per the normal litigation.

Plaintiffs originally brought their constitutional challenge to the Act under 42 U.S.C. § 1983. This court entered a preliminary injunction after determining that plaintiffs had a substantial likelihood of success on the merits

9

on four sections of the Act, two of which are at issue here, referred to as the risk factors and coercion requirements. Under these two sections, doctors were required to conduct a comprehensive database search for articles alleged to be associated with abortion risk factors and conduct a specific type of screening to check for influences of coercion. The court concluded after a detailed analysis that these provisions would likely be found unconstitutional and preliminarily enjoined their enforcement.

In March of 2012, the South Dakota Legislature enacted the Amended Act, which substantially altered the provisions related to disclosure of risk factors and screening for coercion. The Amended Act removed the portions of the Act that the court found likely to be held unconstitutional. The Amended Act took effect on July 1, 2012. Plaintiffs' claim the Amended Act mooted their challenges to the risk factors and coercion provisions of the 2011 Act. The parties then executed a stipulation that the court approved, which dissolved the preliminary injunction as to the risk factors and coercion provisions. The only enjoined portions of the Act that remained relate to the pregnancy help center mandate and the 72-hour requirement. No formal judgment was issued because litigation is ongoing.

In *Rogers Group*, the Eighth Circuit determined that a plaintiff was a "prevailing party" when a district court found that the plaintiff was likely to succeed on the merits and granted a preliminary injunction to enjoin the

enforcement of an ordinance even though the governing body later voluntarily changed its ordinance to remove the potentially unconstitutional language. *Id.* at 910-11. The Eighth Circuit noted that three core principles must be considered when determining whether a party is a prevailing party in a fee-shifting statute following the issuance of a preliminary injunction.[4]

First, a claimant must show that the legal relationship between the parties was altered due to a court-ordered change. *Id.* at 910. The court found in *Rogers Group* that the relationship between the parties was altered because the court's preliminary injunction prevented the city from enforcing its ordinance as it had planned to do. *Id.* In granting the preliminary injunction, the district court engaged in a thorough analysis of the law and facts and concluded that Rogers Group was likely to succeed on the merits. *Id.* at 910-

---

[4] The Eighth Circuit quoted a D.C. Circuit opinion when articulating the following three factors:

> First, in order to be a prevailing party, a claimant must show that there has been a court-ordered change in the legal relationship between the plaintiff and the defendant.
>
> Second, a prevailing party is a party in whose favor a judgment is rendered, regardless of the amount of damages awarded.
>
> Third, a claimant is not a prevailing party merely by virtue of having acquired a judicial pronouncement unaccompanied by judicial relief.

*Rogers Group*, 683 F.3d at 910 (quoting *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939, 947 (D.C. Cir. 2005)) (internal citations omitted).

11

11. This was not an order that merely maintained the status quo. *Id.* at 910. Second, the court found that the district court's preliminary injunction was a "judgment" because defendant could appeal the decision and actually did so. *Id.* at 911. And third, the court concluded that there was no doubt that the plaintiff received judicial relief because the redress or benefit that plaintiff sought in seeking the preliminary injunction was received. *Id.* The court observed that the city engaged in voluntary cessation only after a judicially sanctioned change in the legal relationship of the parties occurred. *Id.*

Plaintiffs in this case are in the same or substantially similar procedural posture as the plaintiff in *Rogers Group*. Plaintiffs were successful on their request for a preliminary injunction, and the court found they were likely to succeed on their constitutional challenge to the risk factors and coercion portions of the Act. The court issued a preliminary injunction that prevented defendants from enforcing four provisions within the Act. This conduct amounted to a court-ordered change in the legal relationship between defendants and plaintiffs because it blocked the enforcement of the state law that was to take effect on July 1, 2011. In granting the preliminary injunction, the district court engaged in a thorough analysis of the probability that plaintiffs would likely succeed on the merits of their claims. *Id.* at 910.

Second, the preliminary injunction was a judgment because it could have been appealed by defendants. *Id.* at 911. Third, plaintiffs asked this court for

redress in the form of an injunction that prevented portions of the Act from taking effect, and the court granted that relief. *See id.* (discussing the third principle and concluding that the district court gave the plaintiff "the precise relief that [it] had requested."). The State acted to moot the case through voluntary cessation only after there was a judicially sanctioned change in the legal relationship of the parties, which was imposed by the court's preliminary injunction order. For these reasons, plaintiffs are a prevailing party on this portion of the case and entitled to attorneys' fees as costs.[5]

Defendants claim, however, that plaintiffs' motion must fail because it is untimely and substantively deficient under both the Federal Rules of Civil Procedure and District of South Dakota Local Rules. Defendants contend that the motion is substantively deficient because plaintiffs failed to include a reasonable estimate of its fees with the motion. Federal Rule of Civil Procedure 54(d)(2)(B)(iii) requires that motions for attorney's fees must "state the amount sought or provide a fair estimate of it." District of South Dakota Local Rule 54.1C also requires that a party moving for attorney's fees "attach to the motion an affidavit setting out the time reasonably spent in the litigation[.]"

---

[5] Defendants do not assert that *Rogers Group* does not apply or otherwise attempt to distinguish it from this case. Instead, defendants argue that they realize this court is bound to apply *Rogers Group* as Eighth Circuit precedent, but submit "that *Rogers* is incorrectly decided." Docket 100 at 8 n.3. This court cannot overrule *Rogers Group*, but instead must follow it as binding precedent.

Federal Rule of Civil Procedure 54(d)(2)(C), however, allows the court to "decide issues of liability for fees before receiving submissions on the value of services." Because of the unusual procedural posture of this case, the court finds that bifurcation of the liability issue from the valuation issue is appropriate under the circumstances. Denial of consideration of a motion for attorney's fees would be too harsh a result when defendants will have a full opportunity to contest the amount and reasonableness of attorney's fees in its adversary submissions to the valuation statement.

Alternatively, defendants contend that the motion for attorneys' fees was untimely filed. Federal Rule of Civil Procedure 54 requires that motions for attorney's fees "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(i). District of South Dakota Local Rules provide an extension from 14 days "to no later than 28 calendar days after the entry of judgment absent a showing of good cause." D.S.D. Civ. LR 54.1C.

Although there was an order issued granting plaintiffs' request for preliminary relief that stated that plaintiffs were likely to succeed on their constitutional challenges to portions of the Act, under the *Rogers Group* analysis plaintiffs did not become a "prevailing party" until after the South Dakota Legislature enacted the Amended Act and it went into effect. Meanwhile, the litigation on the other issues continues and a final judgment has not been issued. The traditional judgment needed for a triggering event for

14

filing a motion for attorney's fees has not occurred. Therefore, plaintiffs' motion is timely or good cause exists for any delay in filing the motion for attorneys' fees.

Finally, defendants argue that it would be unreasonable to determine attorneys' fees in the middle of the case when plaintiffs' overall likelihood of success is uncertain and these attorneys' fees could be de minimis when considering the entire litigation. Defendants also claim that interim attorney's fees are the exception not the rule.[6]

The court has already concluded that based on *Rogers Group*, an award of attorneys' fees is appropriate in the procedural posture like exists here. Even if plaintiffs may not succeed on the overall merits of their claims at the end of this case, they have established that they are entitled to interim attorneys' fees now (the extent of which will be determined following valuation submissions) based on their success on the preliminary injunction and the Amended Act taking effect. Any argument as to the reasonableness of fees or plaintiffs' ability to separate fees for successful versus unsuccessful claims is premature. Once plaintiffs have filed their valuation submission, defendants will be able to present adversary submissions and argument pursuant to Federal Rule of Civil Procedure 54(d)(2)(C).

---

[6] Defendants' other arguments against granting attorneys' fees discuss the reasonableness of a potential award, the amount, or other issues that are unrelated to liability.

## III.     Objections to the Magistrate Judge's Order

Plaintiffs object to the magistrate judge's order on the handling of discovery.[7] Plaintiffs initially objected to the discovery order on two different grounds, but now only one objection remains. After the parties met and conferred, they reached an agreement over a large part of the discovery between plaintiffs, defendants, and intervenors. The parties disagreed, however, on whether the intervenors would have an independent right to depose five factual witnesses. The magistrate judge determined that the intervenors would be allowed to take five depositions in addition to the five fact depositions that defendants were allowed. Docket 96 at 5. Plaintiffs now argue that this conclusion was clearly erroneous.

A district court will not overrule a magistrate judge's order on a nondispositive pretrial matter, such as discovery, unless the ruling was "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). The district court's standard of review on an appeal of a magistrate judge's order on a nondispositive issue is deferential. *Reko v. Creative Promotions, Inc.*,

---

[7] The first objection was to the magistrate judge's conclusion that intervenors will be allowed to participate in discovery on the topic of the 72-hour wait period. Plaintiffs withdrew this portion of the objection once they moved to dismiss counts 8 and 9, which refer to the 72-hour wait period issue. Docket 105. Because the court has already decided that it will grant plaintiffs' motion to amend its complaint to voluntarily dismiss these counts, plaintiffs' motion to withdraw this portion of their objection is granted.

70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). A finding is clearly erroneous in this instance when " 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *Id.* (quoting *Chakales v. Comm'r of Internal Rev.*, 79 F.3d 726, 728 (8th Cir. 1996)).

The court finds that the magistrate judge's conclusion that intervenors are entitled to five factual depositions in addition to the five depositions designated by defendants is clearly erroneous. In this court's order granting intervention, the court found "that reasonable restrictions on applicants' involvement in this action" was necessary and that the restrictions pertained to both form and scope. Docket 54 at 19. The court specifically noted that the intervenors' interests were only invoked with the pregnancy help center mandate and that "[t]he State can adequately represent applicants' interest in any other area that does not relate to the pregnancy help center mandate." *Id.* The court also found that defendants and intervenors must confer and file joint documents when they take the same position on an issue and that the intervenors were "restricted from initiating unilateral, independent discovery and must obtain permission from the magistrate judge or the district court before engaging in independent discovery." *Id.* at 20. The court did state that the magistrate judge would "establish more precise boundaries of [intervenors'] participation." *Id.*

17

The discovery order established that "[t]here will be a maximum of five depositions for each party[.]" Docket 70. The parties argue about whether intervenors are a "party" to the suit and as a result entitled to five separate depositions. In his discovery order, the magistrate judge assessed this court's intervention order and discussed the general principles behind discovery and litigation. The magistrate judge concluded that each party is entitled to establish the facts they need to prevail by conducting discovery from five fact witnesses and that because there may be some necessary overlap, defendants, plaintiffs, and intervenors are all allowed to take their own depositions.

While the magistrate judge had leeway to establish further parameters of the parties' discovery here, the magistrate judge failed to remain mindful of the conditions that were established by the district court in the order granting intervention "considering the history and complexity of this case." Docket 54 at 20. The magistrate judge reached his conclusion based on discovery in common litigation situations. This case is not common, and the court expressed as much in the carefully tailored limits on intervenors' participation in discovery. Unlike a common civil case where multiple defendants are each concerned about the extent of their own personal liability and their interests may conflict with codefendants, here the only issue is whether the statute is constitutional. Intervenors do not have any personal liability to be concerned about that is inconsistent with defendants' interests. The magistrate judge's

18

choice to afford intervenors five independent factual depositions was clearly erroneous in light of the court's intervention order.

Defendants and intervenors should consult one another and reach agreement as best they can on the five fact witnesses to be deposed. If defendants and intervenors are unable to reach agreement on the five joint fact witnesses and can show good cause, intervenors may move the court for permission to exceed the five joint fact witnesses.

**CONCLUSION**

Plaintiffs are given leave to amend their complaint, which effectively will dismiss counts 8 and 9 of the third amended complaint without prejudice, because they have established that the factual situation supporting those claims has substantially changed since filing this cause of action. Plaintiffs also have shown that attorneys' fees are appropriate because they were a "prevailing party" on the risk factors and coercion requirements of the Act. Because the court is dismissing counts 8 and 9, plaintiffs' objection to the magistrate judge's order related to those claims is moot, and their motion to withdraw it is granted. Finally, plaintiffs' objection to the magistrate judge's discovery order as it applies to intervenors' independent depositions is sustained. Accordingly, it is

ORDERED that plaintiffs' motion to amend its complaint to dismiss counts 8 and 9 of the third amended complaint (Docket 104) is granted.

Plaintiffs will file their fourth amended complaint by **April 1, 2013**, and the portion of the preliminary injunction relating to the 72-hour wait will dissolve upon the filing of the fourth amended complaint.

IT IS FURTHER ORDERED that plaintiffs' motion to withdraw a portion of its objection to the magistrate judge's order (Docket 105) is granted.

IT IS FURTHER ORDERED that plaintiffs' motion for attorneys' fees (Docket 95) is granted. Plaintiffs are to file their valuation submissions for attorneys' fees by **March 28, 2013.**

IT IS FURTHER ORDERED that plaintiffs' remaining objection to the magistrate judge's order on discovery (Docket 97) is sustained.

Dated February 28, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE