UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD MINNESOTA, NORTH DAKOTA, SOUTH DAKOTA, and CAROL E. BALL, M.D., <br><br> Plaintiffs, <br><br> vs. <br><br> DENNIS DAUGAARD, Governor, MARTY JACKLEY, Attorney General, DONEEN HOLLINGSWORTH, Secretary of Health, Department of Health, and MARY S. CARPENTER, President, Board of Medical and Osteopathic Examiners, in their official capacities, <br><br> Defendants. <br><br> ALPHA CENTER and BLACK HILLS CRISIS PREGNANCY CENTER, d/b/a Care Net Pregnancy Resource Center, <br><br> Intervenors. | CIV. 11-4071-KES <br><br><br><br><br><br><br><br><br> MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION |

Defendants move to reconsider the court's previous order granting interim attorneys' fees to plaintiffs and finding plaintiffs to be a "prevailing party." Defendants argue the court failed to consider or analyze a seminal United States Supreme Court decision and Eighth Circuit Court of Appeals'

precedent when relying on the later-decided Eighth Circuit case *Rogers Group, Inc. v. City of Fayetteville, Arkansas*, 683 F.3d 903 (8th Cir. 2012). Docket 113. Plaintiffs claim the court does not have to reconsider the court's prior order, but even if it does, defendants' motion fails on the merits. Docket 119. For the following reasons, defendants' motion to reconsider is denied.

## BACKGROUND

Plaintiffs brought this cause of action in May of 2011 and raised a number of challenges under 42 U.S.C. § 1983 to South Dakota House Bill 1217, 2011 Leg. Reg. Sess. (S.D. 2011) (the Act), which outlines women's access to abortion services under South Dakota law. Plaintiffs moved for a preliminary injunction on June 3, 2011, and asked this court to enjoin enforcement of the Act prior to its effective date of July 1, 2011. Docket 10. The court granted plaintiffs' motion for a preliminary injunction on June 30, 2011. Docket 39. In doing so, the court enjoined four specific provisions of the Act: (1) the pregnancy help center requirements; (2) the 72-hour requirement; (3) the risk factors requirement; and (4) the coercion provisions.

During the next legislative session, the South Dakota Legislature passed H.B. 1254, 2012 Leg. Reg. Sess (S.D. 2012) (the Amended Act), which was effective on July 1, 2012. The Amended Act altered the language of the original Act as it pertained to the risk factors requirement and the coercion provisions. Specifically, the Amended Act removed the language this court determined was

likely to be found unconstitutional in the preliminary injunction or upon which the court concluded plaintiffs were likely to succeed on the merits. Plaintiffs then acknowledged that the Amended Act mooted their permanent challenge to the risk factors and coercion provisions of the 2011 Act. Because of the changes to the statute, on June 26, 2012, plaintiffs, defendants, and intervenors filed a joint stipulation to dissolve in part and continue in part the preliminary injunction. Docket 81. The court granted the motion and dissolved portions of the injunction. Docket 82.

On August 23, 2012, plaintiffs moved for interim attorneys' fees, claiming they were a "prevailing party" on the issues that were enjoined and subsequently mooted by the South Dakota Legislature's passing of the Amended Act. Docket 95. The court granted plaintiffs' motion on February 28, 2013. Docket 110 at 10-13. Defendants move to reconsider. Docket 113.

**STANDARD OF REVIEW**

The Federal Rules of Civil Procedure generally do not recognize uniform standards for a court to analyze a motion to reconsider. In this case, defendants made their motion pursuant to Federal Rule of Civil Procedure 54(b), which provides that "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Under

Rule 54(b),[1] district courts have "the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *K.C. 1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1117 (8th Cir. 2007) (quotation and citation omitted). While the specific standard for a motion made under Rule 54(b) is unclear, generally courts have found the standard to "to be less exacting than would be a motion under Federal Rule of Procedure 59(e), which is in turn less exacting than the standards enunciated in Federal Rule of Procedure 60(b)." *Colombe v. Rosebud Sioux Tribe*, 835 F. Supp. 2d 736, 750 (D.S.D. 2011) (quotation and citation omitted); *see also Doctor John's, Inc. v. City of Sioux City, Ia.*, 438 F. Supp. 2d 1005, 1027 (N.D. Iowa 2006).

Although the court's reconsideration of interlocutory orders might be less rigorous than that of final orders for Rule 59(e) or 60(b), courts "should look to the kinds of consideration under those rules for guidance." *Doctor John's*, 438 F. Supp. 2d at 1027 (quotation and citation omitted). Like other motions to reconsider, "[i]t is generally held that a court may amend or reconsider any ruling under Rule 54(b) to correct any clearly or manifestly erroneous findings of facts or conclusions of law." *Jones v. Casey's General Stores*, 551 F. Supp. 2d 848, 854 (S.D. Iowa 2008) (quotations and citation omitted).

---

[1] The parties dispute the rule at issue upon reconsideration. The court assumes without deciding that this motion should be construed under Rule 54(b) because the court's order granting attorneys' fees is not a final order. The court's result would be the same regardless of whether it applied Rule 54(b), Rule 59(e), or Rule 60(b).

4

**DISCUSSION**

The parties disagree on the caselaw the court should have applied in making its decision to grant interim attorneys' fees to plaintiffs. The thrust of defendants' argument is the court failed to consider two binding cases in granting plaintiffs' motion for fees. Plaintiffs contend that the court's reliance on a factually and legally analogous Eighth Circuit case was correct and does not warrant further reconsideration.

Even with the more lenient standard of review under Rule 54(b), the court concludes that defendants' motion to reconsider fails. The court did not err in reaching its legal conclusions because it relied on *Rogers Group*, which in turn considered and discussed both cases defendants claim the court failed to consider. *See Rogers Group*, 638 F.3d at 908-10 (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001); *N. Cheyenne Tribe v. Jackson*, 433 F.3d 1083 (8th Cir. 2006)). Additionally, *Rogers Group* controls the outcome of the court's original order awarding fees and this motion to reconsider because it is factually and legally similar to this case and is controlling precedent the court must follow.

The Eighth Circuit thoroughly discussed both *Buckhannon* and *Northern Cheyenne* in *Rogers Group* when reaching its conclusion to award attorney's fees when defendants mooted the requested relief ordered by a court following the plaintiffs' successful motion for a preliminary injunction through voluntary

5

legislative action. First, the court explicitly detailed the general background of the American Rule for attorney's fees in the United States and noted that a party must prevail to receive fees, i.e., have been awarded some relief by a court to obtain litigation costs. *Rogers Group*, 683 F.3d at 908-09 (quoting *Buckhannon*, 532 U.S. at 602-03). Next, the court discussed how the Supreme Court rejected the "catalyst theory" in *Buckhannon*, meaning a party could not recover fees if it achieved the desired end result through a defendant's voluntary change in conduct because the relief must be "a *judicially sanctioned* material alteration of the legal relationship of the parties to the lawsuit." *Id.* at 909 (quoting *N. Cheyenne Tribe*, 433 F.3d at 1085) (quoting *Buckhannon*, 532 U.S. at 604-05; *Cody v. Hillard*, 304 F.3d 767, 772-73 (8th Cir. 2002)).

In *Rogers Group*, the Eighth Circuit also discussed the Supreme Court's decision in *Sole v. Wyner*, 551 U.S. 74, 83 (2007), which stated that a party does not achieve prevailing party status when a preliminary injunction initially won is later dissolved, reversed, or otherwise undone by a final decision. *Rogers Group*, 683 F.3d at 909. Additional Eighth Circuit precedent was also discussed in *Rogers*, including a notation that in some situations receiving relief from a preliminary injunction can convey prevailing party status, when " 'the grant of a preliminary injunction . . . alters the course of a pending administrative proceeding and the party's claim for a permanent injunction is rendered moot by the impact of the preliminary injunction.' " *Id.* at 909-10

(quoting *N. Cheyenne Tribe*, 433 F.3d at 1086. The court specified, however, that a preliminary injunction does not confer prevailing party status if the order simply acts as a stay-put order or merely maintains the status quo to prevent risk of harm to one party, because the court did not consider the merits of the plaintiffs' claims in granting the preliminary injunction. *Id.* at 910 (citing *N. Cheyenne Tribe*, 433 F.3d at 1086; *McQueary v. Conway*, 614 F.3d 591, 600 (6th Cir. 2010)).

The specific reason that it was proper for this court to rely on *Rogers Group* rather than *Buckhannon* alone was that unlike in this case, in *Buckhannon* the defendants' voluntary cessation occurred before any judicial action was taken. *Buckhannon*, 532 U.S. at 601. The defendants' conduct mooted the case before the district court had ruled on anything other than a motion to dismiss. *Id.* Thus, there was no change in the legal relationship between the parties that was judicially ordered. Similarly, *Northern Cheyenne* is not directly determinative in this case because the court did not consider and grant the preliminary injunction based on the merits of the claim against the party against whom fees were eventually requested. Moreover, the Eighth Circuit was aware of and considered both cases when reaching its holding in *Rogers Group*.

For these reasons, the court finds that its reliance on *Rogers Group* was not erroneous because *Rogers Group* did not depart from binding Supreme

Court precedent or conflict with prior Eighth Circuit precedent. Rather, *Rogers Group,* like this case, related to a specific set of facts where the court granted a preliminary injunction against a specific defendant, found after a thorough analysis of the merits of the claims that the plaintiffs were likely to succeed on the merits of their claim, and then the legislative body subsequently acted to moot plaintiffs' claim. Because in that instance the Eighth Circuit found that plaintiffs could be a prevailing party, so too are plaintiffs here.

Defendants also argue that the court must determine whether plaintiffs are prevailing parties based solely on the actions of the South Dakota Legislature in creating the Amended Act and executing it upon its effective date. Defendants claim that this action is insufficient judicial action to prevail on the merits. Alternatively, defendants assert that even if the court views the preliminary injunction as the action that would confer prevailing party status, this action alone is insufficient to cause plaintiffs to prevail on the merits.

The court's reconsideration, however, focuses on the court's prior rationale as to what it considered to be the triggering factors for prevailing party status to occur rather than defendants' or plaintiffs' arguments. Previously, the court determined that based on *Rogers Group,* prevailing party status occurred because of the combination of two events. First, the court granted a preliminary injunction in favor of plaintiffs that prevented certain provisions of the Act from taking effect. This determination was not made solely

8

to prevent imminent and irreparable harm to plaintiffs or to maintain the status quo. Rather, the court specifically analyzed the soundness of plaintiffs' claims and found that plaintiffs were likely to succeed on the merits.[2] After that court order changed the legal relationship between the parties, then the South Dakota Legislature voluntarily amended the Act to remove the specifically challenged portions of the statute that the court found were likely to be found unconstitutional. It was the concert of these two occurrences that bestowed prevailing party status upon plaintiffs. It was not error for the court to conclude that attorneys' fees were warranted under the binding precedent of *Rogers Group*.

## CONCLUSION

The court has the inherent authority to review its own orders prior to the case becoming final under Federal Rule of Civil Procedure 54(d). After reviewing

---

[2] The order provided:

> Plaintiffs were successful on their request for a preliminary injunction, and the court found they were likely to succeed on their constitutional challenge to the risk factors and coercion portions of the Act. The court issued a preliminary injunction that prevented defendants from enforcing four provisions within the Act. This conduct amounted to a court-ordered change in the legal relationship between defendants and plaintiffs because it blocked the enforcement of the state law that was to take effect on July 1, 2011. In granting the preliminary injunction, the district court engaged in a thorough analysis of the probability that plaintiffs would likely succeed on the merits of their claims.

Docket 110 at 12 (citing *Rogers Group*, 683 F.3d at 910).

its order granting attorneys' fees, the court concludes that its original determination was proper and the court neither failed to analyze nor misapplied binding precedent. Accordingly, it is

ORDERED that defendants' motion to reconsider (Docket 113) is denied.

Dated August 26, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE