UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD MINNESOTA, NORTH DAKOTA, SOUTH DAKOTA, and CAROL E. BALL, M.D., <br><br> Plaintiffs, <br><br> vs. <br><br> DENNIS DAUGAARD, Governor, MARTY JACKLEY, Attorney General, DONEEN HOLLINGSWORTH, Secretary of Health, Department of Health, and ROBERT FERRELL, M.D., President, board of medical and Osteopathic Examiners, in their official capacities, <br><br> Defendants. <br><br> ALPHA CENTER, and <br> BLACK HILLS CRISIS PREGNANCY CENTER, doing business as CARE NET PREGNANCY RESOURCE CENTER, <br><br> Intervenors. | 4:11-CV-04071-KES <br><br><br> **ORDER DENYING MOTION IN LIMINE** |

Intervenors Alpha Center and Black Hills Crisis Pregnancy Center filed a Motion in Limine seeking an order prohibiting plaintiffs Planned Parenthood Minnesota, North Dakota, South Dakota and Carol E. Ball, M.D., from offering evidence on and relitigating two issues based on *res judicata*. Docket 160. Plaintiffs claim that they are not attempting to relitigate the two issues. Docket 167. Defendants Dennis Daugaard, Marty Jackley, Doneen Hollingsworth, and Robert Ferrel do not join in intervenors' motion. Docket 175.

## BACKGROUND

In 2005, the South Dakota Legislature amended SDCL § 34-23A-10.1 to add various requirements to ensure a pregnant woman's consent before obtaining an abortion. Plaintiffs challenged some of the requirements alleging that they violated the First and Fourteenth Amendments. The Eighth Circuit Court of Appeals ultimately upheld the requirements in *Planned Parenthood Minnesota, North Dakota, South Dakota v. Rounds*, 530 F.3d 724 (8th Cir. 2008)(en banc)(*Rounds I*), *Planned Parenthood Minnesota, North Dakota, South Dakota v. Rounds*, 653 F.3d 662 (8th Cir. 2011), *vacated in part*, 662 F.3d 1072 (2011) (*Rounds II*), and *Planned Parenthood Minnesota, North Dakota, South Dakota v. Rounds*, 686 F.3d 889 (8th Cir. 2012)(en banc)(*Rounds III*).

In *Rounds I*, defendants appealed the district court's preliminary injunction preventing SDCL § 34-23A-10.1 from becoming effective. The district court "granted a preliminary injunction based on its finding that Planned Parenthood had a fair chance at success on its claim that [the Human Being disclosure] violated physicians' free speech rights and that the balance of harms favored Planned Parenthood." *Rounds I*, 530 F.3d at 729. The Eighth Circuit reversed the district court, finding that, at the preliminary injunction stage, Planned Parenthood's evidence did not establish a likelihood of proving that the Human Being disclosure was untruthful, misleading, or irrelevant, and thus, it would not establish that it is unconstitutional. *Id.* at 738.

In *Rounds II*, Planned Parenthood appealed the district court's grant of summary judgment in favor of South Dakota on the constitutionality of the

Human Being disclosure, and the Eighth Circuit affirmed. *Rounds II*, 653 F.3d at 668. The Eighth Circuit agreed with the previous ruling in *Rounds I* that the Human Being disclosure was not facially unconstitutional because the disclosure, when read together with the statutory definition of "human being," conveys scientific and factual information and would not "present an undue burden 'in a large fraction of the cases in which [it] is relevant.'" *Id.* at 668 (quoting *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 895 (1992)).

In *Rounds III*, the Eighth Circuit granted rehearing en banc solely on the constitutionality of the Suicide disclosure. *Rounds III*, 686 F.3d at 893. To find that the Suicide disclosure was an undue burden or compelled speech, Planned Parenthood had to show that the disclosure was "either untruthful, misleading, or not relevant to the patient's decision to have an abortion." *Id.* (quoting *Rounds I*, 530 F.3d at 735). The Eighth Circuit ultimately concluded that the Suicide disclosure was truthful and was not misleading or irrelevant to a woman's decision to have an abortion. *Rounds III*, 686 F.3d at 899, 904.

In 2011, plaintiffs filed this lawsuit against defendants under 42 U.S.C. § 1983 challenging the constitutionality of South Dakota H.B. 1217, 2011 Leg. Reg. Sess. (S.D. 2011), to be codified in South Dakota Codified Laws Chapter 34-23A. Docket 25. The court later granted intervenors' Motion to Intervene. Docket 54. Plaintiffs allege that H.B.1217 violates the First Amendment's Free Speech Clause and the Fourteenth Amendment's Due Process Clause and Equal Protection Clause. There are four parts to H.B. 1217: (1) The Pregnancy Help Center Requirements; (2) The 72-Hour Requirement; (3) The Risk Factors

Requirement; and (4) The Coercion Provisions. In summary, the Pregnancy Help Center Requirements require a pregnant woman to consult with a registered "pregnancy help center" before she is able to undergo an abortion. The 72-Hour Requirement established at least a 72-hour waiting period between the pregnant woman's initial consultation with her physician and the scheduled abortion. The Coercion Provisions impose a duty on the physician to certify that the pregnant woman has not been "coerced" as defined in H.B. 1217. Finally, the Risk Factors Requirement established what information the physician must tell a pregnant woman about "complications associated with abortion."

Two of the requirements addressed in the *Rounds* decisions are addressed in intervenors' motion. First, SDCL § 34-23A-10.1(1)(b) required plaintiffs, prior to obtaining a consent, to disclose in writing "[t]hat the abortion will terminate the life of a whole, separate, unique, living human being." The term "human being" was narrowly defined as "an individual living member of the species *Homo sapiens*." *Id.* Second, SDCL § 34-23A-10.1 required plaintiffs to disclose that "increased risk of suicide ideation and suicide" is a risk factor of obtaining an abortion. Thus, intervenors move for an order barring "[p]laintiffs from relitigating two facts which were definitively resolved between the same parties" in the prior *Rounds* litigation. Docket 160 at 1. Intervenors claim that the two decided facts were (1) that an "abortion will terminate the life of a whole, separate, unique, living human being", and (2) that an abortion places a woman at "increased risk of suicide ideation and suicide." *Id.* at 1-2.

4

Plaintiffs resist the motion because they ensure the court that they are not attempting to relitigate the constitutionality of the Human Being disclosure and Suicide disclosure and contend that this motion is unnecessary. Docket 187. Defendants are "satisfied that plaintiffs are not attempting to relitigate the truthfulness or constitutionality of the mandatory disclosures." Docket 175 at 1-2.

## LEGAL STANDARD

"Res Judicata incorporates the concepts of both issue preclusion and claim preclusion." *Sandy Lake Band of Miss. Chippewa v. United States*, 714 F.3d 1098, 1102 (8th Cir. 2013)(citing to *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)). "Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984). A party may not relitigate such a matter in a later case, "whether or not the issue arises on the same or a different claim." *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001) (citing Restatement (Second) of Judgments §§ 17, 27 (1980); D. Shapiro, Civil Procedure: Preclusion in Civil Actions 32, 46 (2001)). Issue preclusion has five elements:

> (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment.

*Anderson v. Genuine Parts Co., Inc.*, 128 F.3d 1267, 1273 (8th Cir. 1997).

## DISCUSSION

### I. Intervenors' motion in limine is denied.

Intervenors move to preclude plaintiffs from relitigating the truthfulness of the Human Being and Suicide disclosures previously litigated in *Rounds I-III* based on *res judicata*. "Issue preclusion bars successive litigation of 'an issue of fact or law' that 'is actually litigated and determined by a valid and final judgment, and . . . is essential to the judgment.' " *Bobby v. Bies*, 556 U.S. 825, 834 (2009)(citing Restatement (Second) of Judgments § 27 (1980)).

As discussed above, the *Rounds* litigation found that the disclosures were not untruthful, misleading, or irrelevant, so they were not unconstitutional. If plaintiffs were attempting to relitigate the constitutionality of the disclosures, they may be precluded from doing so. But plaintiffs are not attempting to relitigate the constitutionality of the mandatory disclosures,[1] and they acknowledge that *Rounds* is res judicata. Docket 166-2 at 4 ("We agree that *Rounds* is res judicata.").

Intervenors point to the content of plaintiffs' expert reports and depositions as proof that plaintiffs are attempting to relitigate issues previously

---

[1] Plaintiffs state on multiple occasions that they do not intend to challenge the constitutionality of the mandatory disclosures. *See, e.g.*, Docket 167 at 6 (stating "Plaintiffs do not challenge the constitutionality of either the Human Being or Suicide Disclosure requirements in this litigation, and indeed those requirements are not referenced anywhere in the Fourth Amended Complaint (or any prior version of the Complaint). At no point in this litigation has Planned Parenthood challenged the legality of the Human Being or Suicide Disclosure requirements, and it has no plans to do so.").

decided in *Rounds*. *See* Docket 165-4; Docket 176-1; Docket 176-2; Docket 176-3; Docket 176-5. But the content in both intervenors' and plaintiffs' expert reports does not indicate any intent on the part of plaintiffs to relitigate *Rounds*. The *Rounds* litigation centered on whether the mandatory disclosures in SDCL § 34-23A-10.1 were constitutional. The expert reports discuss the same statute, but they mainly focus on whether plaintiffs' current consent disclosures are in compliance with the mandatory advisories contained in the statute.[2] Whether or not Planned Parenthood's disclosures are in compliance with the statute was not a fact that was litigated in *Rounds* because plaintiffs were challenging whether the statute itself was constitutional. "If a judgment does not depend on a given determination, relitigation of that determination is not precluded." *Bobby,* 556 U.S at 834. Also, plaintiffs' experts did not initiate the discussion of the mandatory disclosures. Any discussion in the experts'

---

[2] Intervenors' experts submitted reports opining that plaintiffs' current disclosures were not in compliance with South Dakota law. Docket 167-1. Dr. Bruce M. Carlson stated that "the disclosure is not equivalent to that in the South Dakota statement." *Id.* at 3. The Coleman expert report states, in reference to SDCL § 34-23A-10.1, that the plaintiffs "fail to comply with the law." *Id.* at 5. And Dr. John M. Thorp, Jr., alleges that plaintiffs' disclosures fail to accurately disclose the required information and "does not convey the information required by the statute and ordered by the Court to disclose." *Id.* at 7. The plaintiffs' experts submitted rebuttal reports responding to intervenors' expert reports. *See, e.g.*, Docket 167-2 at 3. Dr. Julia R. Steinberg states, "I have reviewed the disclosure that is provided to women seeking an abortion and, although I do not believe the disclosure is necessary, I believe it is an accurate statement of the best available scientific evidence." *Id.* And Dr. Timothy R.B. Johnson states, "In my opinion, Dr. Carlson and Dr. Thor complaints (which are either rooted in ideology or a game of semantics) are baseless. PPMNS's statements convey accurate, biological information that closely parallels the statute and the definition, while avoiding (to the extent possible) an ideological message." Docket 167-2.

reports that could possibly be interpreted as relitigation of the constitutionality of the mandatory disclosures was only in response to the reports of intervenors' experts, and plaintiffs have stated that they believe it is irrelevant and that they do not intend to introduce it. Docket 167 at 11.

Defendants to this action also acknowledge that plaintiffs are not attempting to relitigate issues decided in *Rounds* stating that they are "satisfied that plaintiffs are not attempting to relitigate the truthfulness or constitutionality of the mandatory disclosures, and will hold the plaintiffs to this assurance at trial." Docket 175 at 1-2. And intervenors' clarified that they are not seeking a "ruling that the disclosures which Plaintiffs currently use when counseling pregnant mothers fail to comply with the statutory requirements." Docket 176 at 2. Thus, intervenors' motion in limine is denied as moot because they have failed to show that plaintiffs are attempting to relitigate any precluded issues. To the contrary, all parties agree that the constitutionality of the mandatory disclosures at issue in *Rounds* are not to be relitigated in this case.

## II.     **Intervenors violated the reasonable restrictions placed on them.**

Plaintiffs contend that intervenors' motion fails to comply with the restrictions placed on them in the court's order (Docket 54 at 20) granting intervenors' motion to intervene and requests relief under Fed. R. Civ. P. 37. Docket 167 at 2 n.1. In the court's order, the court specifically stated that when the State and intervenors disagree on an issue, "then [intervenors] will certify that they take an opposing stance on an issue and may file separately."

*Id.* Intervenors failed to certify that they had conferred with the State prior to submitting this motion.

"If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). The court may establish certain matters or designated facts or prohibit "the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(i)-(ii). Instead of or in addition to the above sanctions, the court may order the disobedient party or attorney to pay reasonable expenses, including attorney's fees. Fed. R. Civ. P. (b)(2)(C). The court has broad discretion to fashion a sanction, but the "court's discretion is bounded by the requirement of Rule 37(b)(2) that the sanction be 'just' and relate to the claim at issue in the order to provide discovery." *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992)(citing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir. 1986)).

The court determines that intervenors' violation does not warrant sanctions under Rule 37. The intervenors did confer and keep in contact with defendant, the motion was not duplicative of defendants' position, and intervenors acknowledged that they failed to comply with the court's order. Docket 173 at 3. Thus, intervenors' failure to include a certification that they conferred with defendants was de minimis and does not warrant sanctions.

**CONCLUSION**

In conclusion, intervenors have failed to show any indication that plaintiffs are attempting to relitigate the constitutionality of the mandatory Human Being and Suicide disclosures. Intervenors' experts first alleged that plaintiffs were not in compliance with SDCL § 34-23A-10.1, and plaintiffs' experts responded. Whether or not plaintiffs are in compliance with SDCL § 34-23A-10.1 was not at issue in *Rounds*. Thus, it is ORDERED that,

Intervenors' Motion In Limine (Docket 160) is DENIED.

DATED July 21, 2017.

                BY THE COURT:

                */s/ Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE