UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD MINNESOTA, NORTH DAKOTA, SOUTH DAKOTA and CAROL E. BALL, M.D.;<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, Governor, JASON RAVNSBORG, Attorney General, KIM MALSAM-RYSDON, Secretary of Health, Department of Health, and JEFFREY A. MURRAY, M.D., President of Board of Medical and Osteopathic Examiners, in their Official Capacities;<br><br>Defendants,<br><br>ALPHA CENTER and BLACK HILLS CRISIS PREGNANCY CENTER, d/b/a Care Net Pregnancy Resource Center,<br><br>Intervenor Defendants. | 4:11-CV-04071-KES<br><br><br>ORDER DENYING MOTION TO STRIKE AND GRANTING ADDITIONAL TIME TO RESPOND |

Plaintiffs, Planned Parenthood Minnesota, North Dakota, South Dakota and Carol E. Ball, M.D., move to strike defendants', Kristi Noem, Governor, Jason Ravnsborg, Attorney General, Kim Malsam-Rysdon, Secretary of Health, Department of Health, and Jeffrey A. Murray, M.D., President of Board of

Medical and Osteopathic Examiners, in their Official Capacities, and intervenors', Alpha Center and Black Hills Crisis Pregnancy Center, motion to dissolve what remains of the preliminary injunction and all associated affidavits (Dockets 204-277) for failure to comply with the District of South Dakota's Local Rules. Docket 280. In the alternative, plaintiffs request 180 days from the date of their motion to file a response. Defendants and intervenors oppose the motion to strike and motion to extend time to file plaintiffs' response. Docket 284. For the following reasons, the court denies the motion to strike and grants an extension of time to respond of 90 days from the date of this order.

**I.      Motion to Strike**

The local rules require that briefs and attachments, other than documentary evidence attached in compliance with LR 56.1(A), not exceed 25 pages or 12,000 words unless the filing party obtains prior approval of the court. D.S.D. Civ. LR 7.1(B)(1). Any brief exceeding 25 pages must include a certificate by the attorney stating that the brief complies with the 12,000-word limit. *Id.*

Here, intervenors and defendants filed a joint motion to dissolve what remains of the preliminary injunction. Docket 204. Intervenors filed a 55-page brief in support of the motion. Docket 205. An attorney for intervenors certified that the brief contained 11,953 words.[1] Docket 205 at 55. Intervenors filed 67

---

[1] Defendants and intervenors employed creative tactics to keep their brief under 12,000 words. This included the removal of all spaces from their citations to the record. *See* Docket 205 at 20 (using the citation

affidavits containing declarations and depositions from physicians, experts, intervenors' counsel, Harold J. Cassidy, and women who are affected by the preliminary injunction. *See* Dockets 206-270, 288, 295, 296. Defendants separately filed a 36-page brief in support of the motion to dissolve. Docket 271. An attorney for defendants certified that the brief contained 11,994 words. *Id.* at 36. Here, each brief's length complies with the local rules. While intervenors submitted a large volume of documents, the affidavits and declarations, as documentary evidence, do not count under the word limit imposed by LR 7.1(B)(1). Thus, the court denies the motion to strike because the briefs comply with the local rules.

Even if the briefs and affidavits did not comply with the local rules, striking the offending filings would not be the appropriate remedy. *See, e.g.*, *Thompson v. United States*, 2017 WL 1164363 at *2 (D.S.D. Mar. 28, 2017) (denying motion to quash based on non-compliance with local rules' page limit); *Baranski v. United States*, 2015 WL 7720557 at *1-2 (E.D. Mo. Nov. 30, 2015) (declining to strike memorandum that exceeded page limits); *Albert v. Larson*, 2005 WL 3542872 at *9 (D. Minn. Dec. 21, 2005) (denying motion to strike opposition that exceeded page limits). Thus, the court denies plaintiffs' motion to strike defendants' and intervenors' motion to dissolve and accompanying documents.

---

"Cassidy3Ex51,D'Ascoli,46:25-47:22;Cassidy3Ex52,Ball1," which is considered a single word in word-counting software).

**II.     Motion for Extension of Time**

In the alternative, plaintiffs ask for 180 days from the filing of their motion to strike to respond to the motion to dissolve. Docket 281 at 10. Intervenors filed nearly 2,400 pages of affidavits and declarations that must be reviewed and responded to by plaintiffs. Dockets 206-277. Defendants and intervenors assert that the evidence and arguments on which plaintiffs rely are identical to their arguments at the preliminary injunction stage and that "[p]laintiffs already have their work essentially finished." Docket 284 at 16. But plaintiffs must be afforded adequate time to review the newly filed affidavits and declarations and prepare responsive testimony where appropriate.

Further, defendants' and intervenors' claims of the urgency of the motion to dissolve are not persuasive. Two of the declarations filed in support of their motions, the First and Third Declarations of Harold Cassidy, were dated March 2020, 10 months before the motion to dissolve was filed, suggesting that the motion has been in the works for some time. *See* Dockets 266, 267. And the statutory amendments giving rise to defendants' and intervenors' motion was enacted in 2018. *See* Docket 191 ¶ 1. This cuts against defendants' and intervenors' claim that the motion must be resolved with extraordinary haste. *See* Docket 284 at 15-16. Thus, intervenors' and plaintiffs' argument that an expedited timeline is justified here fails, and an extension of time is appropriate to allow plaintiffs to review and respond to the extensive affidavits filed by defendants and intervenors.

**CONCLUSION**

Defendants' and intervenors' motion to dissolve what remains of the preliminary injunction complied with the local rules' page limit. Further, even had they exceeded the page limit, striking the pleadings is not an appropriate remedy here. The volume of documents that intervenors and defendants filed merits additional time for response. The court grants a 90-day extension of time from the date of this order for plaintiffs to file a response to the motion to dissolve. Thus, it is

ORDERED that plaintiffs' motion to strike (Docket 280) is denied. It is further

ORDERED that plaintiffs must file their response to the motion to dissolve (Docket 204) on or before June 1, 2021.

DATED March 3, 2021.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE