IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD MINNESOTA, NORTH DAKOTA, SOUTH DAKOTA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KRISTI NOEM, Governor, et al., <br><br> Defendants, <br><br> ALPHA CENTER, et al., <br><br> Intervenors. | Civ. 11-4071-KES |

**JOINT MOTION BY PLAINTIFFS AND DEFENDANTS
TO DISMISS WITHOUT PREJUDICE
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)**

Plaintiffs Planned Parenthood Minnesota, North Dakota, South Dakota, and Sarah A. Traxler, M.D. (together, "Plaintiffs"), on behalf of themselves and their patients, physicians, and staff, and Defendants Governor Kristi Noem, Attorney General Mark A. Vargo, Secretary Joan Adam, and Phillip Meyer, D.O., in their official capacities (together, "Defendants") respectfully move this Court to dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) because the action has become moot. Due to the Supreme Court's decision in *Dobbs v. Jackson Women's Health Organization* ("*JWHO*"), 142 S. Ct. 2228 (2022), and the resulting triggering of South Dakota's "Trigger Ban," S.D. Codified Laws § 22-17-5.1 (2005),

1

Plaintiffs are no longer providing abortions in South Dakota. A live case or controversy thus no longer exists. Plaintiffs and Defendants have entered into the Stipulation attached as Exhibit A, setting forth the terms on which they have agreed to dismiss, and for which they seek approval of the Court.

Intervenors Alpha Center and Black Hills Crisis Pregnancy Center (together, "Intervenors") have indicated that they oppose dismissal of the action on the terms reflected in the Stipulation of Dismissal. Plaintiffs and Defendants thus seek to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(2), which provides that "an action may be dismissed at the plaintiff's request . . . by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Given that the action has become moot and that dismissing the action will not waste judicial resources or prejudice Intervenors, Plaintiffs, and Defendants respectfully request that the Court exercise its discretion to dismiss the action.

## I. BACKGROUND

The Court is well aware of the background of this litigation. As relevant to the Motion to Dismiss, the remaining elements of the action come in two groups. In the first group are Plaintiffs' challenges to S.D.C.L. 34-23A-56(3), 59, and 61(4). *See* ECF #374 at 5-9 (summarizing these challenged provisions). These collectively relate to Pregnancy Help Center counseling requirements applicable to abortion services ("PHC Requirements") and have been preliminarily enjoined by the Court. The second group of claims challenge S.D.C.L. 34-23A-53 to 62 (2012), as amended by South Dakota H.B. 1237, 2013 Leg. Reg. Sess. (S.D. 2013), codified at South Dakota Codified Laws Chapter 34-23A-56, and by South Dakota S.B. 110, 2018 Leg. Reg. Sess. (S.D. 2018), codified at South Dakota Codified Laws Chapters 34-23A-59 and 74 to 88

("Amended Act"). These claims more broadly challenge the Amended Act as having been enacted with an unconstitutional improper purpose (Sixth Amended Complaint Count 1) and allege that the Amended Act violates Separation of Powers principles (Sixth Amended Complaint Count 8). These claims are not encompassed in the preliminary injunction.

Both groups of claims are premised on Plaintiffs' provision of abortion services in South Dakota at Planned Parenthood's Sioux Falls, South Dakota clinic. Those services ended after the Supreme Court issued its decision in *JWHO* and S.D. Codified Laws § 22-17-5.1 took effect. Since then, Plaintiffs and Defendants have engaged in discussions regarding resolution of Plaintiffs' claim for attorneys' fees previously awarded by the Court in ECF ##s 110 and 118 and potential claim for additional attorneys' fees by virtue of the preliminary injunction. Plaintiffs and Defendants recently resolved that issue, as reflected in the Stipulation for Dismissal attached as Exhibit A.

## II.     ARGUMENT

Once a defendant has filed an answer, as Defendants have done in this action, Federal Rule of Civil Procedure 41(a)(1) provides that a plaintiff may only voluntarily dismiss an action without a court order through "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A); *see also Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213 (8th Cir. 2011). Although Plaintiffs and Defendants have jointly signed a stipulation of dismissal ("Exhibit A"), Intervenors have declined to join Plaintiffs and Defendants in signing this stipulation. Plaintiffs thus seek a court order dismissing the action pursuant to Federal Rule of Civil Procedure 41(a)(2).

Under Rule 41(a)(2), the "decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court." *Hamm v. Rhone-Poulenc Rhorer Pharmaceuticals,*

3

*Inc.*, 187 F.3d 941, 950 (8th Cir. 1999). In exercising that discretion, "a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Id.* (citations omitted).

All three factors weigh in favor of dismissing this action. First, the Supreme Court's decision in *JWHO* and the resulting triggering of South Dakota's Trigger Ban have prevented Plaintiffs from providing abortions in South Dakota, rendering this action moot. Second, dismissing this action would not waste and would, in fact, conserve judicial time or resources as there is no longer a live controversy to resolve. Third, dismissing this action will not prejudice Defendants, who have joined the motion. Nor would Intervenors face prejudice should the case be dismissed — as originally stated by Intervenors when moving to intervene in this action, the dismissal of this lawsuit would affirmatively *serve* Intervenors' interests.

## A. The Supreme Court's ruling in *JWHO* and the resulting triggering of South Dakota's Trigger Ban have mooted this action.

First, Plaintiffs and Defendants have proffered a "proper explanation" for moving to dismiss the lawsuit: the Supreme Court's ruling in *JWHO* and the resulting triggering of South Dakota's Trigger Ban have rendered the action moot. Under Article III of the U.S. Constitution, federal courts may only "adjudicate actual, ongoing cases or controversies." *Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611 (8th Cir. 2003). As a result, "[w]hen an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action." *Id.*

On June 24, 2022, the Supreme Court issued its decision in *JWHO*, holding that the U.S. Constitution does not protect the right to obtain an abortion and thereby overruling *Roe v. Wade*, 410 U.S. 113 (1973), and *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S.

833 (1992). In doing so, *JWHO* triggered S.D. Codified Laws § 22-17-5.1, more commonly known as South Dakota's "Trigger Ban," which purports to ban abortion in all cases except medical emergency if *Roe* were ever overruled. The threat of enforcement of the Trigger Ban[1] has now prevented Plaintiffs from providing any abortions in South Dakota.

Now that Plaintiffs are no longer providing abortions in South Dakota, the legal challenges that Plaintiffs raised in this action have become moot. In this action, Plaintiffs had challenged the constitutionality of South Dakota House Bill 1217, which (1) "require[d] a pregnant woman to consult with a registered 'pregnancy help center' before she is able to undergo an abortion"; (2) "establishe[d] at least a three-day waiting period between the pregnant woman's initial consultation with her physician and the abortion"; (3) "impose[d] a duty on the physician to certify that the pregnant woman has not been 'coerced'"; and (4) "establishe[d] what information the physician must tell a pregnant woman with regard to the 'complications associated with abortion.'" *Planned Parenthood Minn., N.D., S.D. v. Daugaard*, 799 F. Supp. 2d 1048, 1052 (D.S.D. 2011). By definition, each of those provisions only regulates the conduct of physicians and staff who seek to provide abortions. Because Plaintiffs are no longer providing abortions in South Dakota, none of those provisions regulate Plaintiffs' conduct or the conduct of its patients, physicians, and staff. In short, Plaintiffs now "lack a legally cognizable interest in the outcome," and a live case or

---

[1] Governor Noem stated on June 24, 2022, that "South Dakota's trigger law, found in SDCL 22-17-5.1, provides that as of today, all abortions are illegal in South Dakota 'unless there is appropriate and reasonable medical judgment that performance of an abortion is necessary to preserve the life of the pregnant female.'" *See Gov. Noem and Legislative Leaders Announce Plans for Special Session to Save Lives, Help Mothers*, S.D. State News (June 24, 2022), https://news.sd.gov/newsitem.aspx?id=30323. Plaintiffs have not historically provided abortions in South Dakota under circumstances where the woman's life is in jeopardy, and have no intent to provide such procedures in the future.

controversy no longer exists. *Teague v. Cooper*, 720 F.3d 973, 976 (8th Cir. 2013) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)).[2]

This is therefore not a case in which a party seeks dismissal "'in order to gain some kind of strategic advantage' or as an exercise of 'procedural gamesmanship.'" *United States v. Thirty-two thousand eight hundred twenty dollars & fifty-six cents ($32,820.56) in U.S. Currency*, 838 F.3d 930, 937 (8th Cir. 2016). Far from it; Plaintiffs do not stand to gain any sort of advantage from the dismissal of this action. Nor do Plaintiffs seek to "use voluntary dismissal as an avenue for seeking a more favorable forum." *Thatcher*, 659 F.3d at 1214. Rather, Plaintiffs and Defendants file this motion due to a simple and unavoidable fact: the claims are no longer justiciable. In fact, because mootness is jurisdictional, it would make no difference if Plaintiffs and Defendants *did* want the Court to continue adjudicating this case (and it does not matter if Intervenors would prefer continued adjudication); the Court would nevertheless need to dismiss it. *POET Biorefining — Hudson, LLC v. U.S. EPA*, 971 F.3d 802, 805 (8th Cir. 2020). Parties may not "invoke the judicial power of the United States to decide questions over which this Court has no jurisdiction." *Id.* (quoting *South Dakota v. Hazen*, 914 F.2d 147, 149 (1990)).

As Plaintiffs and Defendants understand it, Intervenors believe the case is not moot and may wish to obtain adjudication as to certain arguments (including new arguments not raised in all the years of this litigation). But, Intervenors have never brought an independent claim or

---

[2] Nor could Intervenors argue that the "capable of repetition, yet evading review" exception to mootness applies. As an initial matter, the purpose of this exception is to allow judicial review when the "*challenged*" conduct is capable of repetition, not when the *plaintiff*'s conduct is capable of repetition. *FEC v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)) (emphasis added). And in any event, even if the threat of enforcement were to shift such that Plaintiffs could again provide abortions in South Dakota, Plaintiffs' conduct would not be "in its duration too short to be fully litigated prior to cessation or expiration." *Id.* (quoting *Spencer*, 523 U.S. at 17).

counterclaim in this action. *See F.D.I.C. v. United States*, No. CV-96-98-ST, 1997 WL 214954, at \*6 (D. Or. Jan. 3, 1997) ("Absent an independent claim, an intervenor cannot keep a lawsuit alive which the original parties wish to end. . . . [R]egardless of the basis for intervention, an intervenor can acquire no greater rights through intervention than it possessed prior to intervention."); *see also id*. (collecting cases in which intervenors oppose dismissal and distinguishing cases in which intervenor has a separate independent claim it can pursue). Simply put, Intervenors cannot keep this action alive when there is no longer a present case or controversy so that Intervenors may obtain what would amount to an advisory opinion on its arguments. *Robinson v. Pfizer, Inc.*, 855 F.3d 893, 897 (8th Cir. 2017) ("[I]t goes without saying that advisory opinions are not within our Article III power.")

**B.      Dismissing this lawsuit will not waste judicial time or effort.**

Second, dismissing this lawsuit will not waste judicial time or effort. Although the parties have engaged in discovery under the Court's oversight, the Court has not yet ruled on dispositive motions and trial has not commenced. Rather, judicial time and effort would be more severely wasted by the *opposite*: continuing to adjudicate this lawsuit even though it has become moot.

Of course, this Court has already spent time and effort overseeing discovery and adjudicating several motions. But the Eighth Circuit has made clear that cases may be dismissed pursuant to Rule 41(a)(2) at stages relatively deep into the litigation, including further stages than those reached here. The Eighth Circuit has noted that it has upheld the granting of a voluntary dismissal, for instance, in one case "after some discovery had been completed and the defendants filed a motion for summary judgment," and in another case "after the plaintiff had presented all but one witness at trial." *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014). Here, no party has filed a dispositive motion such as a motion for summary judgment. And in fact,

even if a party *had* filed a motion for summary judgment, the Eighth Circuit has held that the filing of such a dispositive motion does not in and of itself bar voluntary dismissal, even if the motion were still pending. *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262 (8th Cir. 1993). Nor has trial commenced or even been scheduled.

Rather, judicial resources and time would be severely wasted were this Court to continue adjudicating the action now that it has become moot. *See City of Fort Madison v. Emerald Lady*, 990 F.2d 1086, 1089 n.7 (8th Cir. 1993) (noting that rendering a decision that was merely "academic" would result in a "waste of judicial and party resources"). Judicial resources would be better served by declining to expend further time and effort towards fashioning what would ultimately be a mere advisory opinion.

Moreover, if the Court remains concerned about a waste in judicial time and effort overseeing the discovery that the parties have already completed and exchanged, Plaintiffs and Defendants have provided in the Stipulation for Dismissal that they will preserve exchanged discovery in the event that a future action is filed and the discovery remains relevant and a party wishes to use such discovery. Rule 41(a)(2) allows the Court to fashion an order containing such a provision — the Rule makes clear that a court may grant a motion for voluntary dismissal "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). And the Eighth Circuit has previously noted that an order containing such a provision would "eliminate[]" the risk of "wasted litigation expense." *Metro. Fed. Bank of Iowa, F.S.B.*, 999 F.2d at 1263.

C.  **Dismissing this lawsuit will not prejudice Defendants or Intervenors.**

Third and finally, dismissing this lawsuit will not prejudice Defendants or Intervenors. As indicated above, Defendants join the motion. Although Intervenors oppose this motion, Intervenors could not show that they would face any form of prejudice if the action were dismissed.

To be sure, Intervenors expended time and effort engaging in discovery. But the Eighth Circuit has made clear that "[t]he expense and effort of drafting and responding to discovery prior to dismissal *does not constitute legal prejudice*." *Mullen*, 770 F.3d at 728 (emphasis added). Outside of their expenses engaging in discovery and otherwise litigating this action, Intervenors can point to no other form of prejudice they would face if the action were dismissed. And, as stated above, if the Court remained concerned about the loss of time and effort on discovery in this action, Plaintiffs and Defendants have stipulated to preserve exchanged discovery. In fact, Intervenors interests *would be* served by the dismissal of this action as their ultimate goal in this case was to allow the challenged provision to stand–which would be achieved by dismissal of this action. To the extent Intervenors have a legally cognizable interest in obtaining adjudication as to certain arguments regarding the challenged law, they remain free to do so through other legal avenues and dismissal of this action in no way prejudices their ability to do so.

## II.     CONCLUSION

For the foregoing reasons, Plaintiffs and Defendants respectfully jointly move the Court to dismiss this action pursuant to Fed. R. Civ. P. 41(a)(2) under the terms stated in the Stipulation to Dismiss attached as Exhibit A.[3]

Dated this 4th day of October, 2022

*/s/ Stephen D. Bell*
Stephen D. Bell
Michael Drysdale (admitted *pro hac vice*)
Dorsey & Whitney LLP
50 South Sixth Street, Ste. 1500
Minneapolis, MN 55402
Phone: (612) 340-2600
Email: bell.steve@dorsey.com

---

[3] As noted in the stipulation Plaintiffs and Defendants agree to seek vacatur of the preliminary injunction presently on appeal to the Eighth Circuit Court of Appeals as the appeal is now moot for the same reasons the action must be dismissed.

drysdale.michael@dorsey.com

Diana Salgado\*
Planned Parenthood Federation of America
1110 Vermont Ave., NW, Suite 300
Washington, DC 20005
Telephone: (202) 973-4800
diana.salgado@ppfa.org
Jennifer Sandman\*
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
Telephone: (212) 541-7800
jennifer.sandman@ppfa.org

Brigitte Amiri\*
Rebecca Chan\*
American Civil Liberties Union
Reproductive Freedom Project
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 519-7897
bamiri@aclu.org
rebeccac@aclu.org

\*Motion for admission pro hac vice granted

ATTORNEYS FOR PLAINTIFFS

*(signature)*

Paul S. Swedlund
Solicitor General
1302 E. Highway 14, Ste. 1
Pierre, SD 57501-8501
Phone: (605) 773-3215
Email: paul.swedlund@state.sd.us

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of South Dakota Southern Division by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

<u>/s/ Stephen D. Bell</u><br>
Stephen D. Bell